UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

P.R. and E.C., individually and
o/b/o S.R.,

      Plaintiffs,

v.

THE CITY SCHOOL DISTRICT OF THE CITY
OF NEW YORK, d.b.a. the NEW YORK CITY
DEPARTMENT OF EDUCATION


      Defendant.

Civ. No. 1:20-cv-01052
COMPLAINT

      P.R. and E.C., individually and on behalf of S.R., a child with a disability, for their

complaint hereby allege:

<u>PRELIMINARY STATEMENT</u>

1.  This is an action alleging that Defendant, the New York City Department of Education

    ("DOE"), violated Plaintiffs' rights under the Individuals with Disabilities Education

    Improvement Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, and Section 504 of the Rehabilitation

    Act, 29 U.S.C. § 701 ("Section 504"), as well as New York State law by failing to resolve

    Plaintiffs' due process complaint within the proscribed timelines.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over Plaintiffs' federal claims under the IDEA pursuant to 20 U.S.C. § 1415, 42 U.S.C. § 1988, and as an action raising a federal question under 28 U.S.C. § 1331.

3.    This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, to adjudicate any state claims that arise out of the same facts as the federal claims asserted herein.

4.    Venue lies in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as it is the judicial district in which Plaintiffs are situated and/or reside.

5.    This Court has jurisdiction under 28 U.S.C. § 1331 in that claims are asserted under the laws of the United States, under 28 U.S.C. § 1343(a) in that claims are asserted under laws providing for protection of civil rights, and under 20 U.S.C. § 1415, 42 U.S.C. § 1983, and 29 U.S.C. § 794, *et. seq*.

6.    If successful, Plaintiffs are entitled to costs and attorneys' fees under 42 U.S.C. § 1988(b) and 20 U.S.C. § 1415(j)(3)(B) *et. seq*.

## THE PARTIES

7.    P.R. and E.C. are S.R.'s Parents.

8.    P.R., E.C., and S.R. reside together in New York, New York.

9.  Plaintiff S.R. is an 8-year-old student with a disability who is entitled to a Free Appropriate

    Public Education ("FAPE") pursuant to the Individuals with Disabilities Education Act[1] ("the

    IDEA").

10. S.R. is a qualified individual with a disability who is eligible for a FAPE under Section 504

    of the Americans with Disabilities Act ("ADA") and is protected from discrimination based

    upon his disability.

11. Initials are used throughout this complaint in accordance with the IDEA, the Family

    Educational Rights and Private Act of 1974, Federal Rule of Civil Procedure 5.2, and the

    Electronic Case Filing Rules & Instructions of the Southern District of New York 21.3.

12. Upon information and belief, THE NEW YORK CITY DEPARTMENT OF EDUCATION

    ("DOE") is a corporate body, created by Article 52 of the New York State Education Law,

    CLS Educ. Law § 2250 *et seq.*, that manages and controls the public school system of the

    City of New York and is a local educational agency ("LEA") as defined in the IDEA, and

    thus bears the responsibilities of an LEA under the IDEA and in the New York State

    Education Law.  *See* 20 U.S.C. § 1415(a); N.Y. Educ. Law § 2590.

13. Upon information and belief, the DOE receives funding pursuant to the IDEA, and therefore

    must comply with that statute's provisions, including providing a FAPE to all students with

    educationally handicapping conditions, including S.R., who reside within New York City.

    *See* 20 U.S.C. § 1412.

---

[1] The IDEA was reauthorized in 2007 as the Individuals with Disabilities Education
Improvement Act; however, the statute is still commonly referred to as the "IDEA."

14. Upon information and belief, the DOE's principal place of business is 52 Chambers Street, New York, New York 10007.

15. Upon information and belief, the DOE is charged with the responsibility of developing policies with respect to the administration and operation of the public schools in the City of New York, including programs and services for students with disabilities. N.Y. Educ. Law § 2590-g (McKinney 1980).

16. The DOE operates the New York City Department of Education's Impartial Hearing Office to oversee the administrative and clerical aspects of IDEA Impartial Hearings. More specifically, the Impartial Hearing Office is responsible for, *inter alia*, processing requests for Impartial Hearings, appointing Impartial Hearing Officers from a rotational list maintained by that office, calendaring hearing dates, communicating with parties, and providing transcripts of hearings.

<u>LEGAL FRAMEWORK</u>

17. The IDEA guarantees that all eligible children with disabilities, ages three through twenty-one, must be offered a FAPE. 20 U.S.C. § 1412(a) (1).

18. Not only children with disabilities have legal rights under IDEA; their parents are also entitled to assert legal rights on their own behalf. *Winkelman v. Parma City School Dist.*, 550 U.S. 516, 127 S.Ct. 1994, 1996 (2007).

19. A FAPE must meet each student's "unique needs and prepare them for further education, employment, and independent living." 20 U.S.C. § 1400(d) (1) (A)-(B).

20. A FAPE must "include an appropriate . . . elementary school . . . education in the State involved" . . . be provided in conformity with an IEP. *See* 20 U.S.C. §§ 1401(9), 1414(d)(2)(A); 8 NYCRR § 200.4(e)(1)(ii).

21. To be entitled to a FAPE, a child must have one or more of thirteen disabling conditions and, by reason of his/her disability, require "special education" and "related services." 34 C.F.R. § 300.8(a)(1).

22. Defendant is responsible for providing a FAPE to all eligible children in New York City and for promulgating policies and procedures in accordance with the IDEA. 20 U.S.C. §§ 1400-1419; 34 C.F.R. pt. 300.

23. Every child with the designated disability classifications is entitled to an Individualized Education Program, or "IEP," and the LEA (here, Defendant) must provide an IEP which must be individually tailored to each student and is meant to serve as a blueprint for each child's special education services. 20 U.S.C. § 1414(d); 34 C.F.R. § 300.8(c).

24. By the beginning of each school year, Defendant must have an IEP in place that offers a FAPE to each eligible child. 20 U.S.C. § 1414(d)(2). Before an IEP can be developed, a child must be evaluated in accordance with detailed procedures outlined in federal and state law.

25. A child is reevaluated in accordance with the same standards at least once every three years, or more frequently if a parent or school district believes it is necessary.

26. Among other things, an IEP must be developed by a properly constituted IEP team that includes particular members, including the parent and a district representative who is

knowledgeable about the services and able to commit district resources. 20 U.S.C. § 1414(d)(1)(B).

27. The IEP team must meet at least annually, and more frequently, if necessary, to modify a child's services and/or to address "[a] lack of expected progress toward the annual goals and in the general education curriculum." 20 U.S.C. § 1414(d)(4)(A)(ii)(I).

28. The IDEA broadly defines the categories of services that must be offered, which include, but are not limited to, special education, related services, supplementary aids and services, transition services, assistive technology ("AT"), and positive behavioral supports and services (collectively "Special Education Services").

29. The IDEA prescribes, in detail, the process for developing IEPs and their contents. 20 U.S.C. §§ 1414(d)(1)(A), (d)(2); 34 C.F.R. §§ 300.320(a)(2)-(3); 300.324; N.Y. Educ. Law § 4401, *et seq.*; 8 NYCRR§ 200.4(d)(2)(iii).

30. For example, an IEP must contain the results of a child's most recent evaluations, as well as an accurate and consistent description of his/her strengths and present levels of academic achievement and functional performance (called "Present Levels of Performance" or "PLOPs"). 20 U.S.C. § 1414(d)(1)(A).

31. An IEP must contain "a statement of the special education and related services and supplementary aids and services, based on peer-reviewed research to the extent practicable, to be provided to the child, or on behalf of the child, and a statement of the program modification or supports for school personnel that will be provided for the child." 20 U.S.C. § 1414(d)(1)(A)(i)(IV).

32. Each IEP must also contain research-based instructional strategies unless they are not feasible, including positive behavioral interventions and supports for children whose behavior impedes their learning and/or that of others. 34 C.F.R. §§ 300.320(a)(4), 300.324(a)(2)(i); 8 NYCRR §§ 200.4(d)(2)(v)(b), 200.4(d)(3)(i).

33. The Defendant is obligated to make decisions about IEPs, services and placements based on student's individual needs, and not policies, procedures or availability of resources.

34. One of the IDEA's most well-known due process rights is the right to request an impartial hearing "with respect to any matter relating to the identification, evaluation, or educational placement of [a] child" or the provision of FAPE to a child. 20 U.S.C. § 1415(b)(6)(A).

35. Thereafter, a parent "shall have an opportunity for an impartial due process hearing, which shall be conducted by the State Educational Agency ("SEA") or by the Local Education Agency ("LEA") as determined by State law or by the [SEA]." 20 U.S.C. § 1415(f)(1)(A).

36. The IDEA sets forth detailed requirements for hearing procedures. 20 U.S.C. §1415(f); 34 C.F.R. §§ 300.511–516.35. In New York City, the DOE is responsible for ensuring that impartial hearings comport with the IDEA's requirements.

37. Congress, moreover, has abrogated state sovereign immunity "from suit in Federal court for a violation of [IDEA]." 20 U.S.C. § 1403(a). Thus, "[i]n a suit against a State for a violation of [IDEA], remedies (including remedies both at law and in equity) are available for such a violation to the same extent as those remedies are available for such a violation in the suit against any public entity other than a State." 20 U.S.C. § 1403(b).

38. One of IDEA's key procedural safeguards is "[a]n opportunity for any party to present a complaint with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6).

39. From the date of filing a complaint, the LEA has thirty (30) days within which to settle or otherwise resolve the dispute. 20 U.S.C. § 1415(f)(1)(B)(ii); 34 C.F.R. § 300.510(a)(1). Within the meaning of IDEA, a "day" means a calendar day. 34 C.F.R. § 300.11(a).

40. If the dispute is not resolved to the satisfaction of the parents within a 30-day "resolution period," it may proceed to a due process hearing. 20 U.S.C. § 1415(f)(1)(B)(ii) ("If the local educational agency has not resolved the complaint to the satisfaction of the parents within 30 days of the receipt of the complaint, the due process hearing may occur, and all of the applicable timelines for a due process hearing under this subchapter shall commence."); 34 C.F.R. § 300.510(b)(1).

41. As directly relevant to the instant action, the law requires a final decision to be rendered in the due process case within 45 days after the end of the 30-day resolution period. 34 C.F.R. § 300.515(a) ("The public agency must ensure that *not later than 45 days* after the expiration of the 30 day period . . . [a] final decision is reached in the hearing." (emphasis added)). This requirement is modified, however, by 34 C.F.R. § 300.515(c), which states that "[a] hearing or reviewing officer may grant specific extensions of time beyond the periods set out in paragraphs (a) and (b) of this section at the request of either party." 34 C.F.R. § 300.515(c). This is commonly referred to as the "45 Day Rule."

42. New York implements the federal 45 Day Rule by state regulation. 8 NYCRR § 200.5(j)(5).

NEW YORK'S SPECIAL EDUCATION DISPUTE RESOLUTION SYSTEM

43. In New York, the primary means for initiating a special education dispute is the filing of a written "request for an impartial due process hearing" with the DOE's Impartial Hearing Office. 8 NYCRR § 200.5(j). *See also* NYSED, Special Education, http://www.p12.nysed.gov/specialed/lawsregs/home.html (last updated July 19, 2019).

44. The written request shall include "the name of the student; the address of the residence of the student . . .; the name of the school the student is attending; a description of the nature of the problem of the student relating to such proposed or refused initiation or charge, including facts relating to such problem; and a proposed resolution of the problem to the extent known and available to the party at the time." 8 NYCRR § 200.5(j)(1)(i)(i)–(v).

45. The respondent named in the Due Process Notice must be given notice of the request by the filing party. 8 NYCRR § 200.5(i)–(j). Upon receipt of the parent's due process complaint notice . . . the board of education shall arrange for an impartial due process hearing to be conducted in accordance with the following rules:

1. The rotational selection process *must be initiated immediately but not later than two business days after receipt by the school district of the due process complaint notice* or mailing of the due process complaint notice to the parent. . . . [and]

2. If the parent files the due process complaint notice, the decision is due *not later than 45 days* from the day after one of the following events, whichever shall occur first: (a) both parties agree in writing to waive the resolution meeting; (b) after either the mediation or

resolution meeting starts but before the end of the 30-day period, the parties agree in

writing that no agreement is possible; (c) if both parties agree in writing to continue the

mediation at the end of the 30-day resolution period, but later, the parent or public

agency withdraws from the mediation process or (d) the expiration of the 30-day

resolution period." 8 NYCRR §§ 200.5(j)(3)(a) & (j)(5) (emphases added).

46. From the filing date of the Due Process Notice, the LEA has a 30-day period to try to resolve

the dispute through mediation or a resolution meeting. 8 NYCRR § 200.5(j)(3)(iii)(3).

47. If the outcome of the resolution is to proceed to hearing, a hearing will be scheduled within

fourteen days after the end of the resolution period, unless an extension is granted by the

hearing officer to schedule the hearing beyond that time period. 8 NYCRR § 200.5(j)(5).

48. The Impartial Hearing Officer ("IHO") assigned must render and transmit a final written

decision in the matter to the parties not later than 45 days after the expiration period or

adjusted period for the resolution process. 34 CFR §§ 300.510(b)(2), (c), 300.515(a); 8

NYCRR § 200.5(j)(5).

49. A party may seek a specific extension of time of the 45-day timeline, which the IHO may

grant in accordance with state and federal regulations. 34 CFR 300.515(c); 8 NYCRR §

200.5(j)(5).

50. "The impartial hearing officer shall not solicit extension requests or grant extensions on his

or her own behalf or unilaterally issue extensions *for any reason*." 8 NYCRR § 200.5(j)(5)(i)

(emphasis added).

51. A party aggrieved by the decision of an IHO may subsequently appeal to a State Review Officer (SRO). N.Y. Educ. Law § 4404(2); *see* 20 U.S.C. § 1415(g)(1); 34 CFR 300.514(b)(1); 8 NYCRR § 200.5(k).

<u>FACTS</u>

52. Investigative reports conducted by CHALKBEAT and THE CITY have recently revealed the egregious backlog of special education cases at the DOE's Impartial Hearing Office. Characterizing the Hearing Office as an "overwhelmed" and "broken" system, advocates "fear the situation could continue to worsen," as there are "currently [only] five hearing officers taking on new cases." Report of Alex Zimmerman, appended to this Complaint as Exhibit A.

53. According to CHALKBEAT, "[a]t one extreme: Hearing officer Edgar De Leon—[who is currently assigned to hear R.S.'s case]—was assigned so many new complaints that he wound up with *1,713* open cases on his docket" (emphasis added). Report of Alex Zimmerman, appended to this Complaint as Exhibit A.

54. With thousands of unresolved special education cases and no solution in sight, state officials are even considering "eliminating the requirement that [Hearing Officers] have a law degree" —anything to avoid further delays. Report of Reema Amin and Alex Zimmerman, appended to this Complaint as Exhibit B.

55. For now, unfortunately, Defendant is failing to have these cases timely adjudicated.

FACTUAL ALLEGATIONS

56. On October 9, 2019, P.R. and E.C. filed a "Demand for Due Process" and requested an Impartial Hearing, alleging that the DOE had denied S.R. of a FAPE for the 2019-2020 school year and seeking funding for his placement at the Keswell School during the 2019-2020 school year. Exhibit C, appended to this Complaint.

57. In an email dated October 11, 2019, the Impartial Hearing Office notified Plaintiffs' counsel that the due process complaint had been processed as case number 190068, and that Melinda Gordon was assigned as the Impartial Hearing Officer. Exhibit D, appended to this Complaint.

58. On October 23, 2019, Plaintiffs' counsel was notified that Impartial Hearing Officer Melinda Gordon requested to be recused from the above referenced case. The reason given for recusal was "recusal conflict." A new (and different) Impartial Hearing Officer—Edgar De Leon— was appointed to the matter. Exhibit E, appended to this Complaint.

59. On December 2, 2019, the Impartial Hearing Office notified Plaintiffs' counsel by email that the resolution period had ended as of November 8, 2019, stating, "[p]lease be advised that the end of the resolution period for the above referenced case [case #190068] is 11/08/2019." Exhibit F, appended to this Complaint.

60. On December 2, 2019, Plaintiffs' counsel received a Motion to Schedule, informing Plaintiffs that Edgar De Leon would contact them to schedule the matter in the near future.

Exhibit G, appended to this Complaint. Plaintiffs have not been contacted by either the Impartial Hearing Officer or the DOE.

61. To date, 90 days have passed since the end of the resolution period.  And 120 days have passed since the date of initial filing.

62. To date, the parties have not been contacted to schedule the matter for hearing.

63. Defendant has not offered Plaintiffs the opportunity to engage in the resolution process.

64. The IDEA guarantees children with disabilities and their parents numerous legal rights identified as "Procedural Safeguards." See generally 20 U.S.C. § 1415; 34 C.F.R. § 300.500-520:

> Any State educational agency, State agency, or local educational agency that receives assistance under this subchapter shall establish and maintain procedures in accordance with this section *to ensure that children with disabilities and their parents are guaranteed procedural safeguards* with respect to the provision of a free appropriate public education by such agencies.

20 U.S.C. § 1415(a) (emphasis added).

65. One of IDEA's key procedural safeguards is "[a]n opportunity for any party to present a complaint with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6).

66. From the date of filing, the DOE has thirty (30) calendar days within which to settle or otherwise resolve the dispute. 20 U.S.C. § 1415(f)(1)(B)(ii); 34 C.F.R. 300.510(a)(1).

67. "Prior to the opportunity for an impartial due process hearing [], the local educational agency shall convene a meeting with the parents and the relevant member or members of the IEP Team who have specific knowledge of the facts identified in the complaint," which Defendant also failed to do. 20 U.S.C. § 1415(f)(1)(B).

68. Plaintiffs did not waive their right to a resolution meeting.

69. The law requires a final decision to be rendered in an Impartial Hearing within 45 days after the end of the resolution period. 34 C.F.R. § 300.515(a) ("The public agency must ensure that not later than 45 days after the expiration of the 30 day period . . . [a] final decision is reached in the hearing.").

70. In violation of state and federal law and regulations, the DOE currently lacks a functioning system to adjudicate Plaintiffs' due process complaint.

71. Upon information and belief, the DOE's hearing system does not have sufficient resources to handle all of the cases at this time.

72. Plaintiffs here have attempted to exhaust their administrative remedies.

73. However, at this point, further exhaustion is either unwarranted, unnecessary or is futile under the circumstances, as exhaustion is not available due to the fact that Plaintiffs' claims cannot be exhausted through the administrative system in New York City.

74. Upon information and belief, Defendant's due process system is currently overwhelmed with the volume of hearing requests that they are receiving.

75. Upon information and belief, Defendant does not have sufficient resources to ensure timely due process and issuance of timely decisions.

76. Upon information and belief, Defendant does not have sufficient procedures in place to address emergency issues relating to IEP implementation, transportation and pendency raised by families who file due process hearings.

77. Upon information and belief, Defendant does not have adequate resolution process as mandated under the IDEA that enables Defendant to timely resolve and settle due process hearings that are filed, as Defendant cannot settle any hearings without the approval of New York City Comptroller.

78. Plaintiffs P.R. and E.C. are the parents of eight-year-old S.R., who has been diagnosed with Autism Spectrum Disorder and has been determined by the DOE to be eligible for special education services as a student with a disability, based on his classification with Autism.

79. Plaintiff S.R. is known to the defendant DOE's Committee on Special Education ("CSE") by virtue of his substantial special education needs arising from his diagnosis of autism and resulting in, inter alia, sensory issues, weaknesses in social communication and social interaction, and restricted and repetitive patterns of behavior.

80. The evaluative data and material available to the Parents and the DOE's CSE confirm that S.R. requires placement in a small, highly structured classroom within a specialized school that offers a low student-teacher ratio and teachers who can promote learning of new material by breaking information down into manageable chunks, as well as teach peer socialization and communication skills.

81. For the 2019-2020 school year, the DOE has failed to offer S.R. an appropriate program and placement, and the parents, therefore, duly exercised their due process rights and requested

an impartial hearing to adjudicate the dispute. Specifically, on October 9, 2019, P.R. and E.C. requested an impartial hearing, alleging that the DOE had failed to provide S.R. with an appropriate special education program for the 2019-2020 school year. As a remedy for this failure, S.R. requested that the DOE fund S.R.'s placement at the Keswell School, located in Manhattan, New York, a non-approved private special education school that specializes in educating students with autism spectrum disorders.

82.  The Defendant has failed to follow the proscribed due process procedure as required by law and consequently has denied P.R., E.C., and S.R. of their right not only to a timely due process, but has denied them all of their due process entitlements.

83. Plaintiffs now seek relief from this Court for the DOE's violation of their due process rights.

84. Due to deficiencies and delays in the due process system as administered by Defendant, P.R., E.C., and S.R. cannot obtain access to an impartial hearing to address their allegations concerning the DOE's failure to offer S.R. a FAPE for the current 2019-2020 school year.

85. Upon information and belief, other students alleging entitlement to a FAPE have had impartial hearing officers assigned to their cases, have been invited to resolution meetings, and have had their complaints heard and adjudicated by an impartial hearing officer.

**Plaintiffs are Entitled to Additional Equitable Relief and Attorneys' Fees**

86. Plaintiff S.R. is entitled to additional equitable relief as appropriate.

87. The fees and costs charged by Plaintiffs' current counsel is consistent with market rates for the legal services performed, in light of counsel's experience and expertise and the complexity of the issues.

CAUSES OF ACTION

FIRST CAUSE OF ACTION
THE IDEA

88. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

89. Defendant has denied S.R.'s right to a FAPE under the IDEA for the 2019-2020 school year.

90. Defendant has violated the IDEA by applying blanket policies, practices and procedures, as well as policies, practices and procedures that directly contravene the IDEA and deny Plaintiffs due process of law.

91. Defendant has violated Plaintiffs' procedural and due process rights under the IDEA.

92. Defendant has violated the rights of the Plaintiffs under the New York State Education Law §§ 3202, 3203, 4401, and 4410 and § 200 of the Regulations of the New York State Commissioner of Education. 8 N.Y. COMP. CODES R. REGS. § 200.

SECOND CAUSE OF ACTION
42 U.S.C. § 1983

93. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

94. Defendant has violated 42 U.S.C. § 1983 by depriving Plaintiffs, under color of state law, of their rights, privileges, and immunities under federal statutory and constitutional law.

95. The Defendant violated Plaintiff's rights under 42 U.S.C. § 1983 by failing to have adequate policies, procedures, protocols, and training to ensure that the provisions of the IDEA and

Section 504 referenced herein were complied with, which deprived S.R. of his right to a free appropriate education under federal and state law.

96. Under color of state law, the Defendant deprived S.R. of his right to educational services afforded to him under New York State law, in violation of the Fourteenth Amendment of the U.S. Constitution. U.S. CONST. amend. XIV.

97. As a direct and proximate result of the Defendant's misconduct, S.R. has suffered and will continue to suffer harm because of Defendant's unlawful conduct.

THIRD CAUSE OF ACTION
NEW YORK STATE LAW

98. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

99. Defendant has violated New York State Education Law.

100. The Court has pendent jurisdiction over any state law claims.

FOURTH CAUSE OF ACTION
20 U.S.C. § 1415
VIOLATION OF THE 45 DAY RULE

101. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

102. Upon information and belief, the DOE, as SEA, receives federal funding and is, pursuant to 20 U.S.C. § 1415(a), charged with responsibility to "establish and maintain procedures . . . to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free appropriate public education."

103. The DOE has failed to ensure the timely resolution of this special education dispute (and upon information and belief, many others), as required by federal and state law.

## FIFTH CAUSE OF ACTION
## DECLARATORY JUDGMENT

104. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

105. Plaintiffs have a right to declaring and adjudging that Defendant's practices, prevented Plaintiffs from having its dispute resolved within 45-days and this Court assume jurisdiction.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE FOURTEENTH AMENDMENT
## BY DENYING PLAINTIFFS EQUAL ACCESS TO AN IMPARTIAL HEARING

106. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

107. Due to Defendant's failure to ensure procedures so that all children who are entitled to a FAPE have access to an impartial hearing, Plaintiffs have been denied equal access to the impartial hearing process and have been unfairly denied access to the system that other children have been afforded, thus denying them "equal" access to the impartial hearing process.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

A.  Assume jurisdiction over this action;

B.  Declare and adjudge that the DOE violated the IDEA and related regulations by a breach of the 45-day Rule;

C.  Declare and adjudge that Defendant violated the IDEA and related regulations by denying S.R. a FAPE;

D.  Issue a Declaratory Judgement that Defendant has violated Plaintiffs' rights as alleged herein and in favor of the Plaintiffs and that the unilateral program and placement is reasonably calculated to provide S.R. an educational benefit and that there are no equitable circumstances that would preclude or diminish a funding award;

E.  Award Plaintiffs reasonable attorneys' fees and costs incurred in this action; and

F.  Grant such other and further relief as may be appropriate.


Dated: February 6, 2020
       NEW YORK, NEW YORK


                              Respectfully submitted,
                              SPENCER WALSH LAW, PLLC

                              /s/ Tracey Spencer Walsh
                              Tracey Spencer Walsh
                              Spencer Walsh Law, PLLC
                              625 W. 57th Street, Suite 1810
                              New York, New York 10019
                              Tel. 212-401-1959
                              Email: tracey@spencerwalshlaw.com